UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


CHARLOTTE B. SUMRALL D/B/A      CIVIL ACTION
WELCOME HOST

    NUMBER 15-61-JWD-SCR

VERSUS

RICOH USA, INC.


**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, April 24, 2015.

                                      STEPHEN C. RIEDLINGER
                                      UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHARLOTTE B. SUMRALL D/B/A          CIVIL ACTION
WELCOME HOST

NUMBER 15-61-JWD-SCR

VERSUS

RICOH USA, INC.

## **MAGISTRATE JUDGE'S REPORT**

Before the court is a Motion to Remand filed by plaintiff Charlotte B. Sumrall d/b/a Welcome Host. Record document number 3. The motion is opposed.[1]

For the reasons which follow, the plaintiff's motion should be denied.

**Background**

Plaintiff filed a Petition for Damages in state court against defendant Ricoh USA, Inc. seeking damages resulting from an alleged breach of contract and unfair trade practices under the Louisiana's Unfair Trade Practice and Consumer Protection Act ("LUTPA"). Plaintiff also sought a declaratory judgment voiding a service order entered into with the defendant in 2014. Plaintiff argued that the defendant did not have a reasonable basis for removing this case and thus she is entitled to attorneys' fees under 28 U.S.C. § 1447(c).

Plaintiff's claims originate from a Master Maintenance & Sale

---

[1] Record document number 5.

Agreement (hereafter, "Master Agreement") for copier services entered into by the parties in November 2010.  Pursuant to the Master Agreement, the plaintiff executed three service orders in 2010, 2011 and 2014 which set the rates for copies and maintenance costs.  Plaintiff alleged that in late 2013/early 2014 the defendant improperly attempted to increase the rates for copies and maintenance services.  Plaintiff alleged that because her business relied heavily on these copier services and she had no other options at the time, she was forced to enter into a new service order agreement in 2014 which authorized increased rates.

Plaintiff asserted that she subsequently discovered a term in the Master Agreement which limited increases in copier rates to ten percent, thus prohibiting the percentage increase imposed in the 2014 service order.  Plaintiff refused to pay the new rates and paid the defendant's invoices according to the rate increase authorized by the Master Agreement.  As a result, the defendant placed the plaintiff on a credit hold and refused to provide additional maintenance services.

Defendant removed the case to this court asserting subject matter jurisdiction under 28 U.S.C. § 1332, diversity of citizenship.[2]  Defendant alleged that the required jurisdictional

---

[2] Record document number 1, ¶¶ 8 and 9.  Defendant alleged citizenship as follows: plaintiff Charlotte B. Sumrall d/b/a Welcome Host a Louisiana resident and Ricoh is an Ohio corporation with its principal place of business in Pennsylvania.

amount is established by the allegations in the petition. Defendants submitted evidence to show that the contract value for 2011 service order is $70,000.[3] Defendant argued that the value of the this service order combined with the value of the 2010 service order, the two contested invoices from March and June 2014 under the 2014 service order, and treble damages and attorneys' fees provided for under LUTPA, demonstrates that the amount in controversy exceeds $75,000.

Plaintiff moved to remand and argued it is not facially apparent from the petition that the amount in controversy is greater than $75,000. Plaintiff asserted that the defendant has not satisfied its burden to show that the amount in controversy exceeds the required jurisdictional threshold. Plaintiff argued that the value of the 2011 service order is not indicative of the value of her damages because her claims involve only service charges for maintenance and copies, not the $70,000 for equipment charges. Plaintiff also argued that the treble damages requested under LUTPA are ambiguous and should not be considered because the requirements for an such an award, e.g. notice from the Louisiana Attorney General, have not been established.

## Applicable Law

It is well settled that when faced with a motion to remand,

---

[3] Record document number 1-3, Exhibit C.

the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335, *rhrg. denied*, 70 F.3d 26 (5th Cir. 1995).

If a case is removed based on diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). However, if the state practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded, removal is proper if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2)(A)-(B). This is the case in Louisiana - plaintiffs in Louisiana state courts may not plead a numerical value of claimed damages.[4]

In the Fifth Circuit, for cases removed from Louisiana courts, the established framework for resolving disputes over the amount in

---

[4] Louisiana Code of Civil Procedure Article 893(A)(1) provides that while no specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand, "if a specific amount of damages is necessary to establish...the lack of jurisdiction of federal courts due to insufficiency of damages,...a general allegation that the claim exceeds or is less than the requisite amount is required."
 Plaintiffs did not allege that her claims are for less than the required jurisdictional amount. While this factor supports finding that the plaintiff's claims are not for less than the amount required for diversity jurisdiction, it is not determinative and is considered in light of other evidence. *Weber v. Stevenson*, 2007 WL 4441261 *2 (M.D.La. Dec. 14, 2007); *Joseph v. State Farm Mut. Auto. Co.*, 2011 WL 2899127 (E.D.La., July 18, 2011).

controversy is as follows. The removing defendant must show, by a preponderance of the evidence, that the jurisdictional amount is satisfied in one of two ways: (1) by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000; or, (2) by setting forth facts - preferably in the removal petition, but sometimes by affidavit – which support finding that the required amount is present. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir. 2000); *Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002), *cert. denied*, 538 U.S. 945, 123 S.Ct. 1634 (2003).[5] Whatever the manner of proof, the jurisdictional facts that support removal must be judged at the time of removal. *Gebbia*, 233 F.3d at 883. If at the time of removal it is facially apparent from the petition that the amount in controversy exceeds $75,000, post-removal affidavits, stipulations and amendments reducing the amount do not deprive the court of jurisdiction. *Id.*; *Asociacion Nacional de Pescadores a Pequena Escalal O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041, 114 S.Ct. 685 (1994). However, post-removal affidavits

---

[5] *See, Washington-Thomas v. Dial America Marketing, Inc.*, 2012 WL 5287043 (W.D.Tex. Oct. 23, 2012); *Firmin v. Richard Const., Inc.*, 2012 WL 5332998 (E.D.La. Oct. 26, 2012) (new provision of § 1446(c)(2) of the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub.L. No. 112-63, 125 Stat. 758 (2011), is consistent with the Fifth Circuit approach in requiring that the removing defendant prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 when plaintiffs do not request a specific amount in damages).

may be considered in determining the amount in controversy if the basis for jurisdiction is ambiguous at the time of removal. *Id*. If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *Grant*, 309 F.3d at 869; *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995); *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586 (1938).

Whether this framework will remain viable after the Supreme Court's decision in *Dart Cherokee Basin Operating Co., LLC v. Owens*, ___ U.S. ___, ___ S.Ct. ___ , 2014 WL 7010692 (Dec. 15, 2014) is unclear. In *Dart* the Court held that, as specified in 28 U.S.C. § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Therefore, the good faith amount-in-controversy allegation of a defendant removing a case asserting diversity jurisdiction should be accepted when not contested by the plaintiff or questioned by the district court. If the amount in controversy is contested, both sides then submit proof and the district court decides, by a preponderance of the evidence, whether the amount in controversy requirement has been satisfied.

The amount in controversy in an action for declaratory or

injunctive relief is measured by the value of the object of the litigation. Stated another way, the amount in controversy in an action for declaratory or injunctive relief is the value of the right to be protected or the extent of the injury to be prevented. *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1252-53 (5th Cir. 1998).

**Analysis**

It is not facially apparent from the plaintiff's petition that her claims exceed $75,000, exclusive of interest and costs. Plaintiff's petition lacks sufficient details to determine the extent of the damages resulting from the breach of the Master Agreement and the service orders, out-of-pocket expenses, lost profits, inconvenience and other damages. The lack of details concerning the economic impact on the plaintiff's business also affects the evaluation of her LUTPA claims. Thus, it would be speculation to conclude from plaintiff's allegations alone that the required jurisdictional amount is satisfied.

To show that the amount in controversy exceeds $75,000, the defendant submitted an affidavit showing that the total value of copier charges incurred by plaintiff during the effective term of the 2014 service order is $231,070.97, and she has an outstanding

7

balance of $108,286.43.[6]

The court calculated the difference between the 2014 copy rates and the plaintiff's proposed rates, and estimates that the disputed value of already-incurred copy costs is between $46,000-$77,000.[7] A review of the Billing and Payment History also showed that the plaintiff's usage costs is substantial and the fractional difference in costs per copy would result in considerable savings to her over the minimum 36-month term of the 2014 service order.[8] Considering the plaintiff's historical copy volume and costs, particularly the copy costs incurred in less than 12 months during the term of the 2014 service order, the value of the plaintiff's request for a declaratory judgment voiding the 2014 service order easily exceeds the $75,000.

The record demonstrates by at least a preponderance of the evidence that the plaintiff's claims satisfy the amount in controversy, and the amount in controversy is even higher when

---

[6] Record document number 5-5, Exhibit E, Affidavit of Deanna Black, ¶¶ 10-13.

[7] To calculate this amount, the court estimated the number of copies made in 2014 by dividing $231,070.97 by the rates for both color and black and white copies reflected in the 2014 service order. The number of copies was multiplied by the rates authorized in the 2010 service order, with and without a 10 percent increase, and the difference between the two total amounts was obtained. The Court recognizes the record does not contain specific information from which to determine how many copies were color and how many were black and white, so the lower values were used for this report.

[8] Record document number 5-5, Exhibit E-1.

damages for to her breach of contract and LUTPA claims are added to the value of a declaratory judgment.  Plaintiff provided no evidence to dispute the defendant's figures or calculations, or to demonstrate that the total value of her claims is below $75,000.  Thus, the value of her claims satisfies the jurisdictional amount and the court may properly exercise diversity jurisdiction.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the Plaintiff's Motion to Remand be denied.

Baton Rouge, Louisiana, April 24, 2015.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE